MORIAL, Judge.
Plaintiff Samuel Haughton appeals from a judgment dismissing his suit for Workmen’s Compensation benefits for total and permanent disability pursuant to LSA-R.S. 23:1221 et seq. We affirm.
The sole issue presented on appeal is whether or not plaintiff has established a causal connection between his total and permanent disability and his work-related accident.
Plaintiff was injured on the job on November 4, 1974 while employed as a laborer by the Jefferson Parish Sewerage Department. Plaintiff and a co-employee were loading a truck with planks when plaintiff tripped and fell twisting his left leg and sustaining a fracture of his left leg. Plaintiff was taken to the emergency room of West Jefferson Hospital where he was treated by Dr. Robert A. Fleming, an orthopedic surgeon. Dr. Fleming examined plaintiff and found that he had suffered a fracture of the distal femur bone of the left leg. The fracture was surgically immobilized by the placement of a metallic plate immediately above plaintiff’s knee joint with multiple screws on November 8, 1974. A biopsy was taken of the soft tissue and bone in plaintiff’s leg during surgery and it was discovered that plaintiff was also suffering from a pathological fracture diagnosed as a multiple myeloma. Dr. Fleming explained at trial that a myeloma is a bone marrow disorder which is akin to leukemia. He testified that it was a pre-existing condition which caused a structural weakness in plaintiff’s bones.
Dr. Fleming continued to treat plaintiff after his surgery and was still doing so at the time of trial. However, in a February 3, 1976 report Dr. Fleming stated that the fracture sustained in the work-related accident had healed satisfactorily and that plaintiff was prevented from returning to his former occupation solely because of the myeloma condition. The doctor was of the opinion that plaintiff had sustained a twenty-five percent residual disability to his left lower extremity as a result of the trauma.
The defendant compensation insurer paid plaintiff compensation benefits from the date of the' accident until June 4, 1976. At that time the defendant terminated the payments on the basis of Dr. Fleming’s February 3,1976 report relying on his opinion that plaintiff was no longer prevented from working as a result of the job-related accident.
Prior to the accident, plaintiff, a sixty-two year old man engaged in strenuous physical labor which involved digging ditches, lifting heavy materials and tools and breaking up cement with a jackhammer.
Plaintiff testified he had no problem performing these duties prior to the accident. He stated that since the accident he has been unable to do any type of work at all. Plaintiff’s foremen and co-employees testified that he had been a good worker and that he had performed all his duties without complaint before the accident.
Plaintiff argues that his residual disability is aggravated by the myeloma causing him to be totally and permanently disabled. Plaintiff also contends that it is possible that he has been permanently disabled by the 25% residual disability to his leg. Plaintiff argues that the defendant insurer acted arbitrarily and capriciously in terminating the benefits on the basis of Dr. Fleming’s report.
The trial judge found that plaintiff was prevented from returning to work by his myeloma condition alone and that there was no evidence presented to support a finding that the work-related incident precipitated or aggravated the myeloma problem. The trial court’s findings are supported by the record.
The only medical testimony offered at trial was that of the treating physician. Dr. Fleming treated plaintiff for over a year and a half and was firmly of the opinion that plaintiff’s traumatic fracture was completely healed and that the sole medical cause for plaintiff not being able to return to work was the existence of the myeloma condition.
*387 In Tantillo v. Liberty Mutual Insurance Company, 815 So.2d 743 (1975) the Supreme Court recognized that lay testimony must be given proper consideration in compensation cases, but also held that great weight, almost to the exclusion of other evidence, must be given to uncontradicted medical evidence which is directed toward a complex scientific question. We find that the medical evidence is controlling in this case and that plaintiff’s present disability is not causally connected to the work-related accident. See Rodriguez v. Security Insurance Group, 344.So.2d 1177 (La.App. 4 Cir. 1977); Anderson v. Jefferson Mechanical Contractors, Inc., 301 So.2d 420 (La.App. 4 Cir. 1974).
We are aware of the legal principle that an employer takes an employee as he finds him and that he is liable for the payment of compensation benefits where an accident is disabling because of an employee’s pre-ex-isting condition. However, that is not the situation in this case. Plaintiff’s traumatic fracture was not prevented from healing by his pre-existing myeloma. Nor is there any evidence to support a finding that the mye-loma was aggravated by the trauma.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.